SENA OSTERGARD, APPELLEE, v. CHRIS NORKER ET AL: EDGAR B. HARVEY, APPELLANT.

FILED OCTOBER 5, 1918. No. 20092.

Vendor and Purchaser: BONA FIDE PURCHASER: NOTICE. The general rule is that the open, notorious possession of real property by a tenant is notice to the world of the landlord's title.

APPEAL from the district court for Madison county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Willis E. Reed,* for appellant.

*M. B. Foster* and *W. J. Mossholder,* contra.

CORNISH, J.

Plaintiff was induced by fraud and without consideration to make her deed of the land in controversy to the defendant Norker. Soon afterwards the defendant Norker deeded the land to defendant Harvey. At the time of these conveyances the plaintiff was in actual and visible possession of the premises by her tenant. She never surrendered the possession, nor consented that possession be given to either of the defendants. Harvey, at the time of his purchase, made no inquiry of the tenant or plaintiff respecting plaintiff's rights. This action seeks the cancelation of these conveyances. The trial court found that defendant Harvey purchased without knowledge of the fraud perpetrated upon the plaintiff; but further found that he was not a *bona fide*

purchaser, for the reason that he had constructive notice of plaintiff's rights and interest in the land, and entered judgment and decree accordingly. Defendant Harvey appeals.

The inquiry is whether the possession of land under such circumstances is notice of the title of the possessor alone, or whether the possession of the tenant is the possession of the landlord and notice of the former is notice of the latter. In a majority of the American cases the latter rule has been adopted (see note to *Garbutt & Donovan v. Mayo,* 128 Ga. 269, 13 L. R. A. n. s. 58, 101, 102), and has been recognized by this court (*Conlee v. McDowell,* 15 Neb. 184; *Smith v. Myers,* 56 Neb. 503). It is an equitable rule that possession of property is notice to the world of whatever rights the possessor has in it. The fact that the possession is by a tenant under circumstances such as in this case should make no difference. If Harvey had inquired of the tenant, he would have learned that he held as lessee of another. Exercising reasonable prudence, he would not have stopped his inquiry at that point, but would have inquired of the landlord (Mrs. Ostergard) and would have learned, as he afterwards did learn, that she was unwilling to surrender possession and claimed ownership of the land.

Defendant Harvey in his brief raises a question of estoppel, which was neither pleaded nor litigated in the trial court and cannot be considered here.

We are of opinion that the judgment and decree of the trial court should be

AFFIRMED.

SEDGWICK, J., not sitting.