JOHANNA HANEY ET AL., APPELLANTS, V. WILLIAM E. HEWITT, APPELLEE.

FILED MARCH 11, 1921. No. 21295.

Waters: RIGHTS OF RIPARIAN OWNERS. An owner of land on the shore of an unnavigable river, in the absence of restrictions in his grant, owns to the thread of the stream, and his riparian rights extend to existing and subsequently formed islands.

APPEAL from the district court for Colfax county: FREDERICK W. BUTTON, JUDGE. Reversed, with directions.

Albert & Wagner and B. F. Farrell, for appellants.

Hastings & Coufal and W. I. Allen, contra.

ROSE, J.

This is a suit in equity to quiet in plaintiffs the title to a tract of unplatted land, called "Haney Island," in the Platte river south of the shore-line of platted lots 2, 4, and 9, owned by plaintiffs in sections 5, and 6, township 16, range 2, Colfax county. These lots were surveyed by the government and the title of plaintiffs thereto is unquestioned. Haney Island, however, was not thus surveyed, but plaintiffs claim that, as riparian owners, their title to the lots includes also title to Haney Island, because, as they assert, it was, by the action of the water, formed as

a separate body of land in the unnavigable Platte river between the thread of the main channel and their shore-line. Plaintiffs also claim Haney Island by adverse possession for 30 years.

Plaintiffs' allegations of ownership, 'of adverse possession, and of title by riparian right are denied by defendant, who insists that he is himself the owner of what plaintiffs call "Haney Island;" that it is by accretion a part of Hewitt Island, a tract of land owned by him, and that he also acquired by adverse possession title to the land in controversy. Hewitt Island was included in the government survey and, as originally platted, it was east of and further down the river than Haney Island. Hewitt Island is a large tract in the Platte river, and defendant's title thereto, as the land was originally surveyed, is conceded. At present the two islands are practically united, though at times, during high water, the river separates them. In a cross-petition defendant prays for a dismissal of plaintiffs' action and for a decree quieting in him title to the land in controversy.

The trial court found that what plaintiffs claim as Haney Island had been in the actual, open, notorious, adverse, continuous possession of defendant for the statutory period of 10 years, and that the lands in controversy were accretions to the west end of Hewitt Island. Plaintiffs' action was consequently dismissed and the title quieted in defendant. Plaintiffs have appealed.

On the issue of adverse possession the evidence shows conclusively that the possession pleaded by defendant was interrupted by the exclusive possession of plaintiffs for at least several months during the year 1912. In this respect, therefore, defendant cannot prevail.

On the issue that Haney Island is, by accretion, a part of Hewitt Island, and therefore owned by defendant, the more convincing evidence and the testimony of the greater number of witnesses lead to the following conclusions: During the time that Haney Island was a separate body of land in the Platte river, it was between the thread of

the main channel and the shore-line of the platted lots owned by plaintiffs. Before the river closed the gap between the two islands, Haney Island belonged to plaintiffs, the riparian proprietors of the north bank of the river. They owned the unplatted land in the river south of their shore-line to the thread of the main channel of the river, and this includes what was Haney Island as far east as the line running north and south through the center of section 5, township 16, range 2, Colfax county.

It is earnestly argued that the findings of the trial judge should not be disturbed because he viewed the premises before rendering his decision. The usual advantage obtained by a view of the premises is partially lost in this case on the trial *de novo* in the appellate court, because the findings below show that the trial judge was influenced largely in his decision by evidence on the issue of adverse possession—evidence wholly insufficient to sustain a finding in favor of defendant.

The judgment is reversed and the cause remanded to the district court, with instructions to enter a decree in favor of plaintiffs according to the prayer of their petition.

REVERSED.