IN RE APPLICATION OF CENTRAL NEBRASKA PUBLIC POWER AND IRRIGATION DISTRICT.
MARY MCKAIN ET AL., APPELLEES, V. CENTRAL NEBRASKA PUBLIC POWER AND IRRIGATION DISTRICT, APPELLANT.
295 N. W. 386

FILED DECEMBER 13, 1940. No. 30905.

R. O. Canaday, R. H. Beatty and M. M. Maupin, for appellant.

Hoagland, Carr & Hoagland, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE and MESSMORE, JJ., and HASTINGS and KROGER, District Judges.

SIMMONS, C. J.

In this action plaintiffs seek to recover compensation for lands taken and consequential damages to lands not taken by the defendant in a condemnation proceeding. Defendant admits liability and tenders an issue as to the amount due the plaintiffs. Judgment was for the plaintiffs on a jury verdict.

On appeal, defendant contends:

(1) The court erred in permitting the jury to include in their verdict recovery for certain lands in the river bed, claimed by plaintiffs to be riparian to lands taken.

(2) The verdict is excessive and is the result of passion and prejudice.

The first question presented by appellant and the rule to be applied may be better explained by the use of the following illustration. The illustration is not an exact copy of the exhibits in evidence and is used only for convenience in discussing the problem. presented.

Line AC represents the center line of the North Platte river. Line FC represents the center line of the South Platte river. Line CE represents the center line of the Platte river, and line DC is an extension of CE and is equi-distant from the shores on either side. Land GHK is land owned by the plaintiffs bordering on the river. The area shown in cross-section in GHK was not appropriated by defendant.

Plaintiffs contend that, by riparian right, they own to the line DC as the center line of the Platte river. Defendant contends that the plaintiffs own only to the line BC as the center line of the North Platte river. Islands of various sizes exist in the area BCD. The trial court permitted the plaintiffs to prove and instructed the jury to include in their verdict the value of the area included in BCD. In this the trial court erred.

An owner of land on the shore of an unnavigable river, in the absences of restrictions in his grant, owns to the center line of the stream. *Haney v. Hewitt,* 105 Neb. 746, 181 N. W. 861; *McBride v. Whitaker,* 65 Neb. 137, 90 N. W. 966; *Wiggenhorn v. Kountz,* 23 Neb. 690, 37 N. W. 603.

The boundary line between riparian owners on the same side of the stream runs from the end of the shore line to, and along a line at right angles with, the center line of the stream. Clark, Surveying and Boundaries (2d ed.) 301-385; *Clark v. Campau,* 19 Mich. 325; *Bay City Gas-Light Co. v. Industrial Works,* 28 Mich. 182.

Where title to an island, bounded by the waters of a non-navigable stream is in one owner, and title to the land on the shores opposite the island is in other owners, the same riparian rights appertain to the island as to the mainland. *Higgins v. Adelson,* 131 Neb. 820, 270 N. W. 502.

So far as the problem here presented is concerned, the rule which controls in the case of an island, in ownership separate from the mainland, is applicable to the land designated as plat B on the illustration.

It follows that, where two tributary streams meet and form one stream, the center lines of the streams of the two

tributaries are extended until those lines meet and form the center line of the main stream. In the absence of restrictions in the grants, such lines then become the boundary lines of the lands on either side of, between and immediately below the point of the confluence of the two streams. See *Calkins v. Hart*, 64 Misc. 149, 118 N. Y. Supp. 1049.

It follows that riparian rights appurtenant to the land GHK do not extend beyond the line ABCE.

A new trial is necessary. This obviates the necessity of discussing the second question presented by the defendant.

Plaintiffs by cross-appeal ask a ruling upon another question presented at the trial and determined adversely to them. Referring to the illustration, land GHK is generally described as bottom or hay land, producing hay for winter feed and furnishing fall pasture for cattle. It contained a stream, which seldom froze during the winter, and furnished an adequate water supply. There was on the land a grove of large trees and other brush suitable for shelter to animals in the winter. By taking a part of this land, defendant concedes that it damaged the value of the land not appropriated in GHK. Beginning a mile north of this land and running north for two miles, plaintiff owned one and three-quarter sections of sand-hill pasture land on which the ranch buildings were located. The latter land was separated at its nearest point from the land GHK by an intervening section of land not owned by plaintiffs. This latter section is bisected diagonally, generally northwest to southeast, by the Union Pacific Railroad and U. S. Highway No. 30.

Plaintiffs contend that they used these two tracts of land for a common purpose and that they made up what is described as a balanced ranch, the larger or north tract being used for summer pasture and the south tract for winter care and feed. Plaintiffs contend that the taking of part of the south tract has caused consequential damages to the north tract, for which they should be permitted to recover. With one exception the situation presented is not materially different from that which existed in *McGinley v. Platte*

*Valley Public Power and Irrigation District,* 133 Neb. 420, 275 N. W. 593. The exception is that in the *McGinley* case the lands were all in one tract. Here, as has been pointed out, the lands are separated by an intervening tract one mile in width. This exception is not to plaintiffs' advantage.

In the *McGinley* case this court said: "Where pasture lands, forming the principal acreage of a cattle ranch partly taken for a public purpose, will make the same contribution in value to the remainder of the ranch as they previously contributed to the whole, they should not be considered in estimating the fair and reasonable market value of the entire portion of the ranch not taken."

It cannot be assumed that the evidence upon the second trial will be the same in all particulars as that now presented. However, upon the facts of this record, it does not appear that the trial court erred in excluding evidence as to, and denying recovery for, consequential damages to the detached north tract.

REVERSED AND REMANDED.