ROBERT MADER, APPELLANT, V. NICKIE J. KALLOS ET AL., APPELLEES.

365 N.W.2d 408

Filed March 29, 1985.   No. 84-029.

Arend R. Baack of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellant.

Patrick A. Brock of Cunningham, Blackburn, VonSeggern,

Livingston, Francis & Riley, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The plaintiff, Robert Mader, brought this action in the district court for Hall County, Nebraska, against the defendants Nickie J. and Rosie Kallos to quiet title to certain real estate known as 419 North Vine, Grand Island, Nebraska. The defendants answered, alleging that they were the record title owners of the property. After a hearing the district court dismissed the plaintiff's petition. The plaintiff has appealed.

The record shows that the defendants purchased the property from Venneth E. and Phyllis A. Clark, husband and wife, on July 8, 1974. At that time there were no liens or other encumbrances of record on the property. Defendants recorded their warranty deed for the property on May 11, 1981.

Meanwhile, on February 22, 1977, and October 2, 1979, notices of federal tax liens against the then record title owners, Venneth E. and Phyllis A. Clark, were filed against the property. When the tax liens were not paid, a sale of the property was conducted by the Internal Revenue Service on June 25, 1982. Plaintiff was the successful bidder and received a certificate of sale for the property; when it was not redeemed, plaintiff surrendered his certificate of sale on November 8, 1982, and received a district director's deed.

" 'In an action to quiet title a recovery by a plaintiff must be based upon the strength of his own title and not upon any weakness in the title of his adversary.' " *Bode v. Flobert Industries, Inc.*, 197 Neb. 488, 493, 249 N.W.2d 750, 753 (1977).

The plaintiff argues that the government's federal tax liens took priority over the defendants' unrecorded deed. The plaintiff relies on the recording statute, Neb. Rev. Stat. § 76-238 (Reissue 1981), which provides:

All deeds, mortgages and other instruments of writing which are required to be or which under the laws of this state may be recorded, shall take effect and be in force from and after the time of delivering the same to the

register of deeds for recording, and not before, as to all creditors and subsequent purchasers in good faith without notice; and all such deeds, mortgages and other instruments shall be adjudged void as to all such creditors and subsequent purchasers without notice whose deeds, mortgages or other instruments shall be first recorded; *Provided*, that such deeds, mortgages and other instruments shall be valid between the parties.

The plaintiff contends that the Internal Revenue Service had neither actual nor constructive notice of any prior unrecorded deed from Venneth and Phyllis Clark to defendants and that the interest of the Internal Revenue Service in the property in question was superior to defendants' interest. Therefore, plaintiff claims title to the property by virtue of having purchased it at the seizure sale.

A good faith purchaser of land is one who purchases for valuable consideration without notice of any suspicious circumstances which would put a prudent man on inquiry. The burden of proof is upon a litigant who alleges that he is a good faith purchaser to prove that he purchased the property for value and without notice. *Campbell v. Ohio National Life Ins. Co.*, 161 Neb. 653, 74 N.W.2d 546 (1956). This burden includes proving that he was without notice, actual or constructive, of another's rights or interest in the land. 92 C.J.S. *Vendor & Purchaser* § 371 (1955). It is in this regard that the record is lacking in evidence.

The plaintiff called as a witness a revenue officer for the Internal Revenue Service, district of Omaha, Nebraska, who testified that he had no actual knowledge of the defendants' interest in the land prior to the filing of the federal tax liens. However, this officer also testified that he was not assigned to collect on both tax liens and that he may not have been in charge of the matter at the time either lien was filed. Instead, he indicated that he did not know whether anyone else had actual notice and that he received actual notice at least as early as April of 1980.

Although the evidence as to possession of the property at the time the notices of federal tax liens were filed is somewhat vague, it is sufficient to support an inference that the

defendants went into possession of the property after they purchased it from the Clarks and remained in possession or constructive possession.

The property in question is an apartment building. During the time that the defendants have owned the property, they have paid the taxes and remodeled the apartments. The possession of tenants under these circumstances would be constructive notice of the interest of the defendants in the property. See, 58 Am. Jur. 2d *Notice* § 14 (1971); Annot., 1 A.L.R.2d 322 (1948); *Conlee v. McDowell*, 15 Neb. 184, 18 N.W. 60 (1883); *Ostergard v. Norker*, 102 Neb. 675, 169 N.W. 5 (1918).

In *Claremont Terrace Homeowners' Ass'n v. U.S.*, 146 Cal. App. 3d 398, 194 Cal. Rptr. 216 (1983), the appellee entered into an option contract to purchase land from a taxpayer on December 1, 1974. The option was not exercised until December 15, 1975, and not recorded until December 22, 1975. On July 11, 1975, the United States, the appellant, filed its tax lien. The court reasoned that since the appellee's option to purchase was never recorded,

> appellant's lien must be given priority as first in time unless the grant of the option to purchase *ipso facto* divested [the taxpayer] of his interest in the property, so that, in effect, at the time the Internal Revenue Service lien arose, the taxpayer had no property interest to which it could attach.

146 Cal. App. 3d at 220, 194 Cal. Rptr. at 405. Quoting *Aquilino v. United States*, 363 U.S. 509, 80 S. Ct. 1277, 4 L. Ed. 2d 1365 (1960), the court continued: " 'The threshold question in . . . all cases where the Federal Government asserts its tax lien, is whether and to what extent the taxpayer had "property" or "rights to property" to which the lien could attach.' " 146 Cal. App. 3d at 220, 194 Cal. Rptr. at 405. Referring to its state law to determine the nature and extent of the competing property interests, the court in *Claremont* held that the appellant had not met its burden of establishing lack of notice of appellee's interest and that, therefore, appellee's option had priority. See, also, *Sav. & Loan Assn. v. Wehrly*, 25 Ohio Misc. 221, 263 N.E.2d 801 (1970).

State law must determine the relative property interests in this case. *Aquilino, supra.* In *Mingus v. Bell*, 148 Neb. 735, 29

N.W.2d 332 (1947), this court held, in reference to § 76-238, that "a purchaser, having notice of a previous outstanding title in land, who purchases from one without notice, will be protected in his title by the want of notice in his vendor." *Id*. at 737, 29 N.W.2d at 333. In this case the recording of the defendants' warranty deed prior to the seizure sale was notice to the plaintiff of their interest in the property.

The remaining question is whether the plaintiff was protected by the Internal Revenue Service's "want of notice." We think the record fails to show that the Internal Revenue Service did not have notice of the defendants' interest in the property. Since the plaintiff failed to carry his burden of proof, the judgment of the district court must be affirmed.

AFFIRMED.

HASTINGS, J., participating on briefs.