WILLA HOW AND JOSEPH W. BROTT, APPELLANTS AND CROSS-APPELLEES, V. PAUL A. MARS ET AL., APPELLEES AND CROSS-APPELLANTS.

513 N.W.2d 511

Filed March 25, 1994.   No. S-92-443.

Martin J. Kushner, of Kushner Law Office, for appellants.

E. Michael Slattery, of Reinsch & Slattery, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ.

FAHRNBRUCH, J.

Two Beaver Lake Subdivision, Cass County property owners (plaintiffs) appeal the denial of their requests for declaratory relief and the denial of certification to proceed as a class action in their lawsuit against the Beaver Lake Association and its directors. We affirm.

## STANDARD OF REVIEW

The relief requested by the plaintiffs in their fourth amended petition is equitable in nature. In reviewing an equity action for a declaratory judgment, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court. *Jaksha v. Thomas*, 243 Neb. 794, 502 N.W.2d 826 (1993). When a declaratory judgment action presents questions of law, an appellate court has an obligation to reach its conclusion independent from the conclusion reached by the trial court with regard to those questions. *National Am. Ins. Co. v. Continental Western Ins. Co.*, 243 Neb. 766, 502 N.W.2d 817 (1993).

## FACTS

Carl J. How and Joseph W. Brott, property owners in Beaver Lake Subdivision, filed an amended petition on December 21, 1987, naming as defendants the Beaver Lake Association (Association), a Nebraska nonprofit corporation, as well as its seven directors, individually and in their capacities as directors (hereinafter, collectively, defendants). How, a real estate broker who owned both commercial and residential property at Beaver Lake, died during the pendency of this appeal. His widow, Willa How, has been substituted as a party as How's successor in interest.

The Association is a Nebraska nonprofit corporation whose

members are landowners in Beaver Lake Subdivision. The Association was formed to acquire, provide, and maintain utility and recreational facilities and otherwise provide for the health, recreation, safety, benefit, and other interests of its members.

In their amended petition, the plaintiffs alleged that they brought the action "on their own behalf and on behalf of all others similarly situated and namely, the owners of property within said subdivision, members of the Association and subject to the decisions and actions of the board of directors of the Association (herein referred to as 'the class')." On March 10, 1988, the court sustained a demurrer by the defendants alleging that the plaintiffs' amended petition failed to state a cause of action under Nebraska's class action statute. The plaintiffs subsequently amended their petition, omitting any reference to proceeding as a class action. The case went to trial on March 25, 1991, on the plaintiffs' fourth amended petition.

The plaintiffs' first cause of action alleged that the procedure for electing directors of the Association was void because members were denied the right to vote for directors unless their Association dues were paid in full. They asked the court to declare that the elections were invalid and to order that a new election be held.

The second cause of action sought a declaratory judgment that "all assessments for membership dues and/or expenses imposed by the Association be upon individual lots, notwithstanding that said lots are contiguous, owned by one ownership and used as a single unit" and that such dues were personal in nature and were not a lien upon individual lots. It also requested that the court direct the Association to refrain from informing prospective buyers that unpaid dues were liens upon delinquent members' lots.

The third cause of action alleged that the Association had denied lot owners permission to build boathouses on their lots, thereby depriving them of the beneficial use of their property. A declaratory judgment holding such denial of permits to be unlawful was requested.

On May 5, 1992, the trial court issued a memorandum opinion and judgment finding that (1) the Association bylaws

restricted voting privileges to members in good standing as authorized by Neb. Rev. Stat. § 21-1914 (Reissue 1991) and (2) a member who has not paid dues is not in good standing. Although plaintiffs attempted in their trial brief to challenge the constitutionality of § 21-1914, the trial court found that the issue was not properly before the court because it had not been pled, nor had notice been given to the Attorney General. The trial court found for the defendants and dismissed the plaintiffs' first cause of action.

On the second cause of action, the trial court found that plaintiffs were entitled to declaratory relief that assessments be upon individual lots prior to 1990, at which time an amendment to Association bylaws was passed permitting "homesteading" of two contiguous lots. The court further found that assessments of the Association constituted liens against the individual lots.

On the third cause of action, the trial court held that the Association had the right to deny a permit for a boathouse by enforcement of covenants, restrictions, and regulations, but not because a member was delinquent in payment of dues, and granted the requested declaratory relief.

The plaintiffs timely appealed to this court, and the defendants cross-appealed.

## ASSIGNMENTS OF ERROR

On appeal, the plaintiffs contend that the trial court erred in (1) refusing to permit this case to proceed as a class action, (2) refusing to address the constitutionality of the actions of the Association in restricting voting privileges for the Association based on nonpayment of dues, (3) failing to grant a declaratory judgment invalidating the board of directors election, and (4) failing to grant a declaratory judgment that the defendants were to stop informing prospective buyers of lots that dues and assessments "ran with the lot" and declaring that such dues and assessments were personal in nature.

The defendants assert on cross-appeal that the trial court erred in denying their motion to dismiss the causes of action of plaintiff Brott at the close of the evidence.

## ANALYSIS

### CLASS ACTION

The plaintiffs claim that they "made a *pre-trial motion* in March of 1988 to proceed with the case as a class action." (Emphasis supplied.) Brief for appellants at 11. A review of the record reveals no such motion by the plaintiffs in March 1988. Rather, as previously noted, the issue of proceeding as a class action was raised in the plaintiffs' amended petition. Subsequently, in their second amended petition, the plaintiffs omitted any reference to proceeding as a class action.

One must stand on a pleading against which a demurrer has been sustained in order to preserve the right to appeal the decision on the particular demurrer. *Bert Cattle Co. v. Warren*, 238 Neb. 638, 471 N.W.2d 764 (1991). Having amended their petition to omit any reference to a class action, the plaintiffs have waived this issue on appeal, and the correctness of the trial court's ruling will not be reviewed.

### CONSTITUTIONALITY OF STATUTE

Next, the plaintiffs argue that the trial court erred in refusing to consider the constitutionality of § 21-1914, which permits the Association to restrict voting privileges of members. We disagree.

Neb. Rev. Stat. § 25-21,159 (Reissue 1989) provides that "if [a] statute . . . is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard."

The record shows that the Attorney General was not given notice of this action until December 28, 1992, after the case had been tried and some 6 months after the case was appealed to this court. Because the plaintiffs failed to comply with the terms of § 25-21,159, the constitutionality of § 21-1914 was never properly before the trial court, and the plaintiffs were not entitled to declaratory relief on this issue. See, also, *Howard v. City of Lincoln*, 243 Neb. 5, 497 N.W.2d 53 (1993). This assignment of error is without merit.

### VALIDITY OF ELECTIONS

The plaintiffs allege in their third assignment of error that the

1985, 1986, 1987, 1988, and 1989 elections of the Association's board of directors should be invalidated. The plaintiffs' fourth amended petition alleges in part as follows:

8. That the right to vote . . . for members of the Association's Board of Directors is not a privilege which can be restricted or denied through covenant or resolution, but an absolute "right" granted to all regular members of the Association.

9. That Defendants wrongfully restricted the May 17, 1987 election and similar elections in 1985 and 1986 of the Board of Directors by prohibiting regular members to vote for the Directors . . . unless their Association assessments . . . were paid in full. Similar restrictions were applied, and improperly applied, to subsequent elections in 1988 and 1989.

10. That each of the elections for Directors of the Association in 1985, 1986, 1987, 1988 and 1989 is void because authorized voting members were wrongfully and unlawfully instructed . . . that they were unqualified to vote by virtue of nonpayment of Association dues and/or assessments and by that reason, either did not vote or were restricted from voting by Defendants.

In their brief, the plaintiffs argue that the elections are void because the bylaws, as amended in 1978 and 1990, were not properly enacted and recorded. However, the issue of whether the bylaws were properly enacted and recorded was not raised by the plaintiffs' fourth amended petition, and the trial court correctly refused to decide issues which had not been properly pled. See Neb. Rev. Stat. § 25-1101 et seq. (Reissue 1989). Moreover, an issue not presented to or passed upon by the trial court is not an appropriate issue for consideration upon appeal. *Central States Resources v. First Nat. Bank*, 243 Neb. 538, 501 N.W.2d 271 (1993); *In re Estate of Seidler*, 241 Neb. 402, 490 N.W.2d 453 (1992).

We now turn to the only issue framed by the pleadings in the plaintiffs' first cause of action, that is, whether members of the Association who are delinquent in their assessments and/or dues may be restricted from voting at board of directors elections by virtue of the bylaws as they existed at the time of the

elections in question.

The legislation governing nonprofit corporations in Nebraska is the Nebraska Nonprofit Corporation Act, Neb. Rev. Stat. § 21-1901 et seq. (Reissue 1991). Section 21-1914 of that act provides:

> The right of the members, or any class or classes of members [of a nonprofit corporation], to vote *may be limited, enlarged, or denied to the extent specified in the articles of incorporation or the bylaws.* Unless so limited, enlarged, or denied, each member, regardless of class, shall be entitled to one vote on each matter submitted to a vote of members.

(Emphasis supplied.)

Both the articles of incorporation of the Association and its initial bylaws, adopted August 30, 1974, grant the board of directors the authority to amend the bylaws. The 1974 bylaws provide in article II, § 6, that "[e]ach Regular Member shall be entitled in the election of directors of the corporation to cast . . . one vote for each such membership held."

The bylaws were revised on July 20, 1978, and amended in 1983. Article II, § 6, of the amended 1978 bylaws, which were in effect at all times material to this case, provides:

> Each Regular Member *of good standing at the date of the election* shall be entitled in the election of directors of the corporation to cast . . . one vote for each such dues-paying membership held. . . . *Members not in good standing as to membership dues shall not be entitled to voting privileges.*

(Emphasis supplied.)

Because § 21-1914 specifically provides that the rights of members of nonprofit corporations to vote may be limited as specified in the bylaws, and the 1978 bylaws as amended explicitly limit voting rights to members in good standing as to membership dues, it was not clearly erroneous for the trial court to find that members delinquent in their payment of dues were restricted from voting for the board of directors. The trial court correctly dismissed this cause of action.

### WHETHER DUES RUN WITH THE LAND

Finally, the plaintiffs argue that the trial court erred in failing

to find that the dues and assessments of the Association are personal in nature and do not run with the land. We find that Willa How is collaterally estopped from raising this issue by virtue of this court's prior decision in *How v. Baker*, 223 Neb. 100, 388 N.W.2d 462 (1986).

There are four conditions that must exist for the doctrine of collateral estoppel to apply: (1) The identical issue was decided in a prior action, (2) there was a judgment on the merits which was final, (3) the party against whom the rule is applied was a party or in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *Rosse v. Rosse*, 244 Neb. 967, 510 N.W.2d 73 (1994).

In *How v. Baker*, a case in which Carl and Willa How sued the Association, we held that the Association had authority to amend covenants to assess lot dues and special assessments and that such covenants run with the land. Willa How, being a party to the prior action in *How v. Baker* in which the issue of dues and assessments running with the land was fully litigated and a final judgment was rendered on the merits of the case, is thus estopped from now asserting that the dues and assessments of the Association do not run with the land.

As to plaintiff Brott, we have reexamined our analysis of the issue in *How v. Baker* and adhere to our previous holding that the assessments and dues of the Association run with the land.

Accordingly, the plaintiffs are not entitled to an order directing the defendants to stop informing prospective purchasers of Beaver Lake lots that unpaid membership dues run with the land and constitute a lien on said land. This assignment of error is without merit.

## CONCLUSION

As we have found no merit to any of the plaintiffs' arguments on appeal, it is not necessary for us to address the issue raised on cross-appeal. We affirm the order of the district court.

AFFIRMED.

WRIGHT, J., participating on briefs.