DENNIS KAPPENMAN, APPELLANT, V. GENE HEULE, APPELLEE.
486 N.W.2d 27

Filed July 17, 1992.    No. S-89-1359.

Mark M. Sipple, of Luckey, Sipple, Hansen, Emerson & Schumacher, for appellant.

Anne E. Winner, of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

In this appeal of a no-contact truck-motorcycle accident, Dennis Kappenman, a dentist, claims the trial court erred in (1) failing to direct a verdict in his favor on the issue of liability, (2) submitting the issue of his alleged contributory negligence to the jury, and (3) failing to grant him a new trial on the issue of damages.

We hold that Kappenman was prejudiced when the district court for Platte County erroneously submitted to the jury the issue of Kappenman's alleged contributory negligence and when it failed to grant the appellant a new trial on the issue of damages.

Kappenman was injured at approximately 1:30 p.m. on September 10, 1986, at the intersection of 17th Street and 26th Avenue in Columbus, Nebraska. Seventeenth is an east-west street and 26th Avenue is a north-south street. Before Kappenman was injured, the defendant, Gene Heule, was traveling eastbound in his pickup truck on 17th Street as he approached 26th Avenue, and Kappenman was operating a motorcycle northbound on 26th Avenue. Kappenman's travel on 26th Avenue was protected against eastbound traffic on 17th Street by a stop sign. An employee riding in the front seat of Heule's truck testified that his employer "came very near to a stop, possibly what I refer to as a rolling stop. He braked and just before coming to a complete stop, started into the intersection." Kappenman testified that Heule stopped and then pulled into the intersection. Regardless of which version is accepted regarding whether Heule came to a full stop before entering the intersection, the evidence is undisputed that Heule entered the intersection without observing Kappenman. Heule testified he did not see Kappenman on his motorcycle until Heule's truck had entered the intersection. At that time, Kappenman was approximately 50 feet from the south line of 17th Street. Not only was Kappenman's travel on 26th Avenue

protected by a stop sign, but he also had the directional right-of-way. It is also undisputed that Kappenman was operating his motorcycle well within the 30-mile-per-hour speed limit on 26th Avenue. The evidence on Kappenman's speed varied from 20 to 25 miles per hour.

A second employee passenger in Heule's truck testified that he saw Kappenman traveling well within the speed limit and that Kappenman was operating his motorcycle in a normal fashion. This passenger warned Heule of Kappenman's approaching motorcycle, and the defendant stopped his truck. Heule testified that when he stopped, the front bumper of his truck was "four to five feet short of the centerline" of 26th Avenue. Kappenman's motorcycle was traveling north in the eastern half of 26th Avenue. Both Heule and this passenger watched as Kappenman's motorcycle went out of control and Kappenman "dump[ed] the bike over."

Kappenman testified that when he saw the truck enter the intersection, he knew that the driver had not seen him. In order to avoid being hit by the truck, Kappenman decided to "lay down" his motorcycle. Optimally, this would involve applying the rear brake, then applying the front brake, leaning to the right with the front brake, then locking. This in turn would put pressure on the front end of the bike and allow the bike's back end to slide around. When Kappenman applied his brakes, the bike behaved as he expected it to, except it did not slide around. When the bike came to a stop, Kappenman was unable to promptly release his foot from the bike. He testified that the situation required a much quicker response than normal. Kappenman said he lost control just before the motorcycle he was riding tipped over while he was still on it. The motorcycle fell across his right hip, and his buttocks hit the pavement. It is undisputed that Kappenman sustained injuries.

There was evidence that Kappenman incurred special damages, that he had pain and suffering, and that his activities were impaired as a proximate result of the accident.

Kappenman's motion at the close of all the evidence for a directed verdict in his favor on the issue of negligence and liability on the part of the defendant was overruled. The jury was instructed on Kappenman's alleged contributory

negligence and returned a verdict in favor of Kappenman in the amount of his proven special damages. In his motion for a new trial, Kappenman, in substance, asked the trial court to grant him an additur to the jury's verdict, and to thereafter allow Heule the option of consenting to the jury's verdict as enhanced by the additur or the further option of a new trial on the matter of damages alone. The motion was overruled. At oral argument before this court, Kappenman abandoned his request for an additur. See *Crewdson v. Burlington Northern RR. Co.*, 234 Neb. 631, 452 N.W.2d 270 (1990).

In reviewing a law action, the court considers the evidence most favorably to the successful party and resolves evidential conflicts in favor of such party, who is entitled to every reasonable inference deducible from the evidence. See *Capps v. Manhart*, 236 Neb. 16, 458 N.W.2d 742 (1990).

Kappenman first complains that the trial court did not direct a verdict in his favor on the issue of the defendant's negligence and liability. Inherent in the jury's verdict is a finding of negligence and liability on the part of the defendant in this case. In view of those findings and our holding in this case, it is not necessary for us to discuss this assignment of error further.

Kappenman next argues (1) that there was no competent evidence to support the trial court's instruction to the jury on the issue of Kappenman's alleged contributory negligence and (2) that he should have been awarded a new trial on the issue of damages. We agree that as a matter of law the trial court should not have submitted to the jury an instruction on Kappenman's alleged contributory negligence.

Contributory negligence is conduct for which plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury and which, concurring and cooperating with actionable negligence on the part of the defendant, contributes to the injury. *Haselhorst v. State*, 240 Neb. 891, 485 N.W.2d 180 (1992). Negligence is defined as doing something that a reasonably careful person would not do under similar circumstances, or failing to do something that a reasonably careful person would do under similar circumstances. See, *Shupe v. County of Antelope*, 157 Neb. 374, 59 N.W.2d 710 (1953); NJI2d 3.02.

To prove negligence on the part of Kappenman, Heule attempted to qualify a passenger in Heule's truck as an expert on whether Kappenman could have stopped his motorcycle normally. The passenger testified that he was familiar with the operation of motorcycles because he had owned one for 6 years, but that it had been inoperable for the past 2 years because he wrecked it when "I locked up on the brakes" while riding on a dike near a lake at night. He testified he had operated both drum brake and disc brake motorcycles. The passenger further testified that he had never been "motorcycle-qualified," i.e., he had never obtained a license to operate a motorcycle. The record fails to reflect any evidence that the passenger had examined the motorcycle Kappenman was operating. The record further fails to reveal that the passenger was familiar with the operation or capability of the motorcycle Kappenman was operating, particularly under the circumstances confronting Kappenman at the time he took evasive action to escape injury.

The passenger was asked, "[B]ased upon your observations and your experience with motorcycles, what you saw and know, do you have an opinion about whether Dr. Kappenman could have come to a normal stop before he entered the intersection from the time he first started to brake?" After stating he had an opinion, the passenger was permitted to give his opinion, over Kappenman's objection: "I *think* he could have stopped [upright, normally] if he wouldn't have locked up on the front brake." (Emphasis supplied.) The passenger testified that Kappenman tipped his motorcycle over. "[H]e was coming down and he locked up on the front tire, the back tire came off the ground, and the handlebars spun sideways and he just rolled to the side."

An expert's opinion must be based upon reasonable certainty or reasonable probability in the field in which the witness claims to be an expert. See *Edmonds v. IBP, inc.*, 239 Neb. 899, 479 N.W.2d 754 (1992). Here, neither the question propounded to the passenger nor his answer included the proper standard of definiteness, i.e., reasonable certainty or reasonable probability in the relevant field of expertise, for the admissibility of an expert opinion. "I *think* he could have

stopped if he wouldn't have locked up on the front brake" falls within the realm of speculation and conjecture. The trial court abused its discretion in permitting the truck's passenger to give his opinion as to whether Kappenman could have come to a normal stop before entering the intersection.

Kappenman testified that when he was faced with the potentially dangerous situation, he acted in the manner most likely to spare himself injury. Kappenman related that when he observed Heule's truck enter the intersection that he had less than a second and a half to make his decision and get stopped. "I made a decision to try to stop and get down so if he hit me, it would be in the back end of the bike instead of in the side and across my legs," Kappenman testified. As a matter of law, there was insufficient evidence that Kappenman did not act as a reasonably careful person would under similar circumstances. Nor is there any competent evidence that the plaintiff acted in breach of his duty to protect himself from injury.

Without the passenger's "expert opinion," there was no relevant or competent evidence to support Heule's plea of contributory negligence on the part of Kappenman.

When the affirmative defense of contributory negligence is pleaded, but there is no relevant or competent evidence to support the defense, it is prejudicial error to submit the issue of contributory negligence to a jury. See, *Jensen v. Archbishop Bergan Mercy Hosp.*, 236 Neb. 1, 459 N.W.2d 178 (1990); *Gehre v. Coleman*, 233 Neb. 32, 443 N.W.2d 606 (1989). Submission of an issue on which the evidence is insufficient to sustain an affirmative finding is, generally, prejudicial and results in a new trial. *Jensen v. Archbishop Bergan Mercy Hosp., supra*.

It is evident that Kappenman suffered prejudice by the court's instructing the jury on Kappenman's alleged contributory negligence. Instruction No. 6, of which Kappenman complains, required the jury to deduct from Kappenman's damages that portion which the jury would find attributable to his alleged contributory negligence. The jury verdict equaled only the special damages Kappenman proved. Obviously, the jury awarded nothing for Kappenman's pain and suffering, upon which he offered undisputed evidence.

By instructing the jury on the issue of Kappenman's alleged contributory negligence, the trial court committed prejudicial error. Heule's negligence has already been established by a jury, and that issue need not be retried. Since we hold that the trial court should not have submitted to the jury Kappenman's alleged contributory negligence, the only issue left to be tried upon remand for a new trial is the issue of Kappenman's damages.

This cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR A NEW TRIAL ON THE ISSUE OF DAMAGES.

WHITE, J., not participating.