[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants have moved to strike all counts of the complaint dated March 20, 2001. They claim that the plaintiff's injury occurred during an athletic contest and that the law in this state bars negligent actions for such injuries.
Actually, the injury did not occur during a game of baseball, but during practice at which time one of the coaches, Jeffrey Fratus, threw a baseball which struck the 13-year-old plaintiff, Trevor Hendry, when the latter was not looking.
The defendants claim the action is barred by the decision in Jaworskiv. Kiernan, 241 Conn. 399 (1997). In that case, the Supreme Court reviewed a case where there was a co-ed soccer game in which a man and woman collided resulting in serious injury to the woman. The court rules that participants in a team athletic contest cannot be held liable for mere negligence. They owe a duty to refrain only from reckless or intentional conduct toward other participants. The decision was limited to team contact sport contests.
The plaintiffs distinguish the instant case from Jaworski, supra. They note that the case involves the duty of care owed by a participant to a co-participant in an athletic contest. There is nothing said about the duty of care that a coach owes to a minor player during practice.
 Count I — Discussion Jaworski involved an action brought due to an injury sustained by a female participant from a collision with a male participant during an adult co-ed competitive soccer game. The Supreme Court of Connecticut used a foreseeability test to determine the duty owed to co-participants in such a contest. Jaworski v. Kiernan, supra, 241 Conn. 406. In determining the extent of the co-participant's responsibility, the court considered four factors: "(1) the normal expectations of participants in CT Page 10787 the sport in which the plaintiff and the defendant were engaged; (2) the public policy of encouraging continued vigorous participation in the recreational sporting activities while weighing the safety of the participants; (3) the avoidance of increased litigation; and (4) the decisions of other jurisdictions." Id., 407. Considering the public policy concerns of opening the floodgates of litigation if a simple negligence standard was applied, and the need to encourage vigorous participation of our youth in sports, the court determined that deliberate, wilful or reckless conduct by the player is the applicable standard under which a plaintiff-participant may bring a cause of action. Id., 409.
There are currently no Connecticut cases on point to the facts in the present case. The Connecticut cases that follow Jaworski involve participants of similar age and ability, who are engaged in an actual contest or game. See Hotak v. Seno, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 00 0072461 (June 12, 2001, Arnold, J.) (wilful or reckless standard applied where a minor plaintiff was injured by another minor participant in a game of baseball during school gym class); see also D'Amico v. Tomkalski, Superior Court, judicial district of Waterbury, Docket No. CV 98 0147377 (November 30, 2001, Doherty, J.) (31 Conn. Law Rptr. 72) (wilfil or reckless standard applied where softball player running to second base was struck in the face by a softball thrown by another player in an attempt to make a double play during a game).
Moreover, even when the fact that the participants were playing in a gym contest was deemed insignificant, the public policy reason inJaworski of encouraging participation in athletic activities has been seen as compelling because parents or minors themselves could be hesitant or refuse to participate in gym class if a simply negligence standard is permitted. See Baer v. Regional School District, Superior Court, judicial district of Waterbury, Docket No. CV 98 0148373 (July 19, 1999, Pellegrino, J.) (25 Conn.L.Rptr. 376) (wilful or reckless standard applied where a minor plaintiff was injured in floor hockey game during a physical education class by another minor participant).
The Connecticut cases that have not applied the standard in Jaworski
were distinguished by the facts of those cases. Jaworski has not been applied where "the plaintiff alleged in her complaint that the defendant promoted and conducted a hockey game between the parents of players between the ages of 7 and 9 and those players; that this game was to be a benign and fun activity requiring little skills or conditioning and presenting no danger. . . ." Benedetto v. Avon, Canton Famington YouthHockey Association, Superior Court, judicial district of Hartford, Docket No. CV 00 0594998 (April 5, 2001, Wagner, JTR) (29 Conn.L.Rptr. 315). CT Page 10788 Because the main objective of the plaintiff participating in the hockey game with her child was not to win a competitive team contact sport, but to have fun in a noncompetitive, noncontact sport, the reasoning inJaworski did not apply because the defendant was not a participant in any type of organized contest and "catch" was not a team contact sport. Fordv. Town of Hamden, Superior Court, judicial district of New Haven, Docket No. CV 96 0387793 (December 11, 1997, O'Keefe, J.) (21 Conn.L.Rptr. 145).
Whether a coach specifically may be liable for injuries incurred by players has not been determined in the Connecticut courts. Decisions in other jurisdictions are based on the actions of the coach in supervising and instructing the players. A high school baseball coach was not liable for injuries to a student who was hit in the head by a ball during batting practice because the coach had rules, procedures and routines for orderly batting practice which an expert witness testified met the standard used by coaches to allow reasonable supervision and safety of the players. Herring v. Bossier Parish School Bd., 632 So.2d 920, 89 Ed. Law Rep. 1041 (La.Ct.App. 2d Cir., 1994). Conversely, the failure of a coach to properly prepare and instruct a student before the student attempted a long jump at a maximum effort was a cause in fact of the injuries and the coach was liable because he had a duty not to expose the student to an unreasonable risk of injury. Scott v. Rapides Parish SchoolBd., 732 So.2d 749, 135 Ed. Law Rep. 304 (La.Ct.App. 3d Cir., 1999), writ denied, 747 So.2d 22 (La., 1999). The Nebraska Supreme Court determined that an instructor of wrestling who injured a student wrestler while instructing on a particular move, was held to the simple negligence standard, rather than the wilful and reckless standard of co-participants because he and the student were not considered "participants" in a contact sport and he was engaged in providing instruction. Hearon v.May, 540 N.W.2d 124, 130, 104 Ed. Law Rep. 1360 (1995).
The present case may be distinguishable from Jaworski because it is alleged that the minor participant who was injured was engaged in practice, not in a competitive game and the injury was not the result of an act by another minor participant, but rather from his adult coach who failed to properly instruct.
Accordingly, the motion to strike Count One of the complaint is denied.
Count II and Count III
The defendants also moved to strike Counts Two and Three of the complaint. However, there was no mention of these counts in the defendant's brief. The claim to strike these counts must therefore be deemed abandoned. CT Page 10789
Accordingly, the motion to strike the complaint is denied.
 ______________________ D. Michael Hurley Judge Trial Referee