IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

FAGAN V. LASHER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

TRAVIS FAGAN, APPELLANT,

V.

STEVEN LASHER, PERSONAL REPRESENTATIVE OF
THE ESTATE OF TERRY L. DANKERT, APPELLEE.

Filed September 24, 2024.    No. A-23-294.

Appeal from the District Court for Howard County: KARIN L. NOAKES, Judge. Affirmed.

Jared J. Krejci, of Smith, Johnson, Allen, Connick & Hansen, for appellant.

Bradley D. Holbrook and Lucas J. Elsbernd, of Jacobsen, Orr, Lindstrom & Holbrook, P.C., L.L.O., for appellee.

MOORE, RIEDMANN, and BISHOP, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Travis Fagan appeals from the orders of the district court for Howard County granting Terry L. Dankert's motions to dismiss Fagan's claims against him. Dankert died after Fagan filed his notice of appeal and the matter was revived in the name of Steven Lasher, the personal representative of Dankert's estate (the Estate). Fagan assigns that the district court erred in granting Dankert's motions to dismiss Fagan's claims for an equitable lien, unjust enrichment, and promissory estoppel. Following our review, we affirm the judgment of the district court, though our reasoning differs from that of the district court.

BACKGROUND

Fagan began leasing farmland from Dankert's mother, Donna Dankert (Donna), in 2011, pursuant to written leases. Donna passed away on February 7, 2015. The farmland was thereafter distributed to Dankert and his sister in February 2016. Fagan continued to lease the farmland from Dankert and his sister pursuant to written lease agreements. In February and March 2021, the farmland was sold to a third party.

In April 2021, Fagan filed a complaint against Dankert and his sister alleging that he had made improvements to the farmland prior to Donna's death based on an assurance by Donna that she would reimburse him for the improvements, or that her children would if she failed to do so during her lifetime. Fagan further alleged that prior to the 2021 sale of the farmland, he communicated with Dankert and Dankert's sister, but that they refused to fully reimburse Fagan for the improvements he made. Fagan sought recovery based on "promissory estoppel/quasi-contract/unjust enrichment/restitution" for the full value of the improvements he made. Fagan's claims against Dankert's sister were later dismissed and she is not a party to this appeal; therefore, we omit any further reference to her.

In June 2021, Dankert filed a motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6) alleging that Fagan had failed to state facts sufficient to constitute a cause of action. Following a hearing on the motion in which Dankert asserted that the claims were barred by the non-claim statute, Neb. Rev. Stat. § 30-2485 (Reissue 2016), the court determined that the complaint failed to allege any promise made by Dankert and therefore dismissed Fagan's claim for promissory estoppel; however, it granted Fagan leave to amend that claim. It denied Dankert's motion to dismiss as to the remaining claims for "Quasi-contract/Unjust Enrichment/Restitution." Fagan advised the court he did not intend to file an amended complaint, and Dankert filed an answer to Fagan's remaining claims.

In July 2022, the district court granted partial summary judgment in favor of Dankert as to one improvement Fagan claimed to have made on the farmland after leasing the land from Dankert. It denied summary judgment as to Fagan's remaining claims for improvements made during Donna's lifetime that are the subject of the current appeal. At a subsequent status conference, the court ordered Fagan to file an amended complaint to clarify his claims.

In Fagan's amended complaint filed in October 2022, he alleged that Donna's promise to reimburse him for the improvements, combined with his reliance upon that promise, ripened into an equitable lien against the farmland. He further asserted that because Dankert was not a good faith purchaser for value of the land, Fagan's equitable interest in the farmland and its proceeds was enforceable against Dankert. The amended complaint also alleged an unjust enrichment claim on the basis that Fagan reasonably relied upon Donna's assurance that he would be reimbursed, that Dankert benefited from the improvements, and that equity required Dankert to reimburse Fagan. Fagan did not reassert his promissory estoppel claim that had been previously dismissed.

Dankert filed a motion to dismiss the amended complaint pursuant to § 6-1112(b)(6), alleging that Fagan's claims were based upon actions allegedly taken by Donna who died on February 7, 2015; therefore, they were barred by either the 3-year non-claim statute, § 30-2485, or the 4-year statute of limitations set forth in Neb. Rev. Stat. § 25-207 (Reissue 2016).

Following a hearing on Dankert's motion to dismiss the amended complaint, the district court found that to obtain an equitable lien, Fagan first had to show that he had obtained a judgment upon which he could pursue foreclosure through an equitable lien theory, and that Fagan had not claimed the existence of a prior judgment. Thus, the district court determined that Fagan needed to show that he could obtain a judgment on his unjust enrichment claim to have a viable claim for an equitable lien. The district court found that under Nebraska law, a third party was not liable in quasi-contract, unjust enrichment, or restitution merely because he benefited from a contract between two others; rather, there needed to be some misleading act by the third party to impose liability upon him. Because Fagan had not alleged any wrongdoing or misleading act by Dankert, he had failed to plead facts that would establish the elements of unjust enrichment. And because Fagan could not establish an unjust enrichment claim, he could not establish a judgment upon which to seek an equitable lien. The district court therefore granted Dankert's motion and dismissed the amended complaint without leave to amend. Fagan appeals.

ASSIGNMENTS OF ERROR

Fagan assigns, reordered, that the district court erred in granting Dankert's § 6-1112(b)(6) motions and dismissing his claims for unjust enrichment, an equitable lien, and promissory estoppel.

STANDARD OF REVIEW

A district court's grant of a motion to dismiss for failure to state a claim under § 6-1112(b)(6) is reviewed de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *McKay v. Bartels*, 316 Neb. 235, 3 N.W.3d 920 (2024).

ANALYSIS

*Unjust Enrichment and Equitable Lien.*

Fagan assigns that the district court erred in granting Dankert's § 6-1112(b)(6) motion to dismiss Fagan's unjust enrichment and equitable lien claims contained in his amended complaint. Because we resolve both assignments of error on Fagan's failure to timely file his complaint, we address them together. To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Edwards v. Estate of Clark*, 313 Neb. 94, 982 N.W.2d 788 (2022). A challenge that a pleading is barred by the statute of limitations is a challenge that the pleading fails to allege sufficient facts to constitute a claim upon which relief can be granted. *Bonness v. Armitage*, 305 Neb. 747, 942 N.W.2d 238 (2020).

Dankert's motion to dismiss the amended complaint alleged that these claims were barred by the non-claim statute and the statute of limitations set forth in § 25-207, but the district court granted the motion on different grounds. In his reply brief, Fagan argues that neither of the statutes of limitation arguments that the Estate raises on appeal are at issue because the district court did not resolve Dankert's motion on those grounds, and the Estate did not file a cross-appeal. However, on appeal, an appellate court may affirm a trial court's ruling that reaches the correct result, albeit based on different reasoning. See *Paw K. v. Christian G.*, 315 Neb. 781, 1 N.W.3d 467 (2024).

Here, Dankert raised the non-claim statute and statute of limitations defense in his § 6-1112(b)(6) motion, but the district court granted the motion on the merits of Fagan's claims. The Estate's failure to file a cross-appeal does not preclude this court from affirming the district court's judgment dismissing Fagan's claims on the alternate basis argued by Dankert in the district court.

We determine that Fagan's unjust enrichment claim is barred by both the non-claim statute and the statute of limitations. Section 30-2485, the non-claim statute, identifies the timeframe for bringing a claim against the estate of a decedent and, depending on the type of claim and the notice given to creditors, the maximum amount of time allowed by the statute is 3 years. See § 30-2485. Section 25-207 sets forth a 4-year statute of limitations for various actions, including "an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated." § 25-207. A claim that a court should imply an obligation to prevent unjust enrichment is a "quasi-contract"; a quasi-contract is not a contract. *City of Scottsbluff v. Waste Connections of Neb.*, 282 Neb. 848, 809 N.W.2d 725 (2011).

To recover under a theory of unjust enrichment, the plaintiff must allege facts that the law of restitution would recognize as unjust enrichment. *Schreiber Bros. Hog Co. v. Schreiber*, 312 Neb. 707, 980 N.W.2d 890 (2022). A party cannot recover for unjust enrichment until the allegedly inequitable benefits have been received and retained. *Ag Services of America v. Empfield*, 255 Neb. 957, 587 N.W.2d 871 (1999). Fagan was entitled to recovery once the benefits of his improvements had been received and retained; at that time he had a right to payment and his cause of action for unjust enrichment accrued. See *Hoffman v. Reinke Mfg. Co.*, 227 Neb. 66, 416 N.W.2d 216 (1987) (cause of action for unjust enrichment accrues when benefit received by enriched party). Here, without commenting on the merits of Fagan's unjust enrichment claim, we determine this claim is time barred under both § 30-2485 and § 25-207.

Fagan's amended complaint alleges that the improvements made to the land for which he seeks reimbursement were made before Donna's February 7, 2015, death. Thus, any improvements were made, and any benefits were received and retained, sometime prior to February 2015. At that point, and until Fagan was paid, Donna was unjustly enriched. Fagan did not file his complaint, however, until April 2021, more than 6 years later, outside of both the 3-year limitation of § 30-2485 and the 4-year limitation of § 25-207.

Relying upon *Hoffman v. Reinke Mfg. Co., supra*, Fagan argues that his claim did not accrue until Dankert sold the property in 2021 because that is when Dankert received the benefit of Fagan's improvements. In *Hoffman*, the Supreme Court determined the plaintiff's cause of action for unjust enrichment accrued when the defendant company sold an irrigation system based on plaintiff's idea and the company began to benefit from it. But Fagan's reliance on *Hoffman* is misplaced because in *Hoffman*, there was no benefit to the defendant company until it began selling the irrigation equipment, whereas here, the improvements on the land were an immediate benefit. Even Fagan concedes in his amended complaint that the improvements were "substantial, lasting, and value-increasing improvements to farmland." Because there was immediate benefit upon the completion of the improvements, the cause of action for unjust enrichment accrued when the improvements were made and Fagan remained uncompensated.

Even if we were to accept Fagan's argument that the non-claim statute is inapplicable because this is not a claim against Donna's estate, we still reject his argument that the cause of action would not accrue until Dankert sold the land. Assuming without deciding that Dankert was

- 4 -

unjustly enriched by the improvements made to the land, that enrichment occurred upon the transfer of the property to him in 2016. The sale of the land was not necessary. Therefore, even assuming Fagan would have a cause of action against Dankert for unjust enrichment, an issue we need not decide, that cause of action would have accrued no later than February 24, 2016, when the land was distributed to Dankert. Fagan did not file his complaint until April 26, 2021, more than 5 years later.

Fagan failed to file his complaint within the time identified in either § 30-2485 or § 25-207. On its face, Fagan's complaint fails to allege sufficient facts that state a plausible claim to relief for unjust enrichment. Therefore, dismissal under § 6-1112(b)(6) was proper.

Similarly, without commenting on the merits of Fagan's equitable lien claim, we find this claim time barred. An equitable lien is a right, not recognized at law, to have a fund or specific property, or its proceeds, applied in whole or in part to the payment of a particular debt or class of debts. *Cepel v. Smallcomb*, 261 Neb. 934, 628 N.W.2d 654 (2001).

Fagan asserted that, based on Donna's assurance that he would be reimbursed, he is entitled to an equitable lien on the farmland. But he did not assert this claim until 6 years after Donna's death. Therefore, because Donna would have received the benefit of the improvements during her lifetime and no claim was filed against her estate within 3 years, Fagan's claim for an equitable lien is barred by the non-claim statute.

As with the unjust enrichment claim, Fagan argues that his action is not a claim against Donna's estate; therefore, § 30-2485 is inapplicable. But even accepting this argument, this does not mean that other statutes of limitations do not apply. The Supreme Court has recognized that a claim for an equitable lien is subject to a statute of limitations. See *Frye v. Sibbitt*, 145 Neb. 600, 17 N.W.2d 617 (1945) (applying 5-year statute of limitations contained in § 25-205, R. S. 1943 to claim for equitable lien arising from action for recovery of payments becoming due and payable under indenture).

Chapter 25 of the Nebraska Revised Statutes sets forth the statutes of limitations applicable to civil claims. For the reasons we set forth above, we reject Fagan's claim that any statute of limitations on his equitable lien claim did not begin to run until the land was sold. Therefore, to be timely, Fagan's equitable lien claim must fall within one of the sections which allows for a statute of limitations of at least 6 years. Our review of those statutes reveals that it does not. See, e.g., Neb. Rev. Stat. § 25-202 (Reissue 2016) (recovery of title or possession of real estate; foreclosure); Neb. Rev. Stat. § 25-209 (Reissue 2016) (action on official or judicial bonds); Neb. Rev. Stat. § 25-224 (Reissue 2016) (action on product liability); Neb. Rev. Stat. § 25-227 (Reissue 2016) (action to enforce obligation to pay certificate of deposit); Neb. Rev. Stat. § 25-228 (Cum. Supp. 2022) (action on sexual assault of child).

Though our reasoning differs from that of the district court, we find that the district court properly granted Dankert's motion to dismiss the unjust enrichment and equitable lien claims. Because the face of the amended complaint reveals that it was barred by the statute of limitations, the amended complaint failed to state facts sufficient to constitute a cause of action.

*Promissory Estoppel.*

Fagan assigns that the district court erred in granting Dankert's § 6-1112(b)(6) motion and dismissing his promissory estoppel claim. Fagan's original complaint alleged a claim based on

promissory estoppel, and the district court dismissed that claim because it was based on a promise made by Donna, not Dankert. Fagan filed a notice with the court that he would not amend the complaint as allowed by the court. However, Fagan later filed an amended complaint which did not include a promissory estoppel claim. On appeal, the Estate argues that because Fagan's amended complaint did not include a cause of action based on promissory estoppel, Fagan abandoned this claim by not including it. We agree.

A motion to dismiss under § 6-1112(b)(6) is generally considered the equivalent of a demurrer under our former code pleading system. See *Denali Real Estate v. Denali Custom Builders*, 302 Neb. 984, 926 N.W.2d 610 (2019). We therefore find caselaw addressing the effect of amending a pleading in response to a successful demurrer instructive. It is well settled that one must stand on a pleading against which a demurrer has been sustained in order to preserve the right to appeal the decision on the particular demurrer. *How v. Mars*, 245 Neb. 420, 513 N.W.2d 511 (1994). Here, although Fagan argues that he did stand on his promissory estoppel claim by declining to file an amended complaint to allege sufficient facts to support his promissory estoppel theory, he ultimately filed an amended complaint that did not include a promissory estoppel claim.

In *How v. Mars, supra*, the trial court sustained a demurrer to the allegations of a class action contained in plaintiffs' amended petition. In a subsequent second amended petition, the plaintiffs omitted any reference to a class action. Due to this omission, the Supreme Court refused to address the plaintiffs' assigned error that the trial court erred in refusing to permit the case to proceed as a class action. It stated, "[h]aving amended their petition to omit any reference to a class action, the plaintiffs have waived this issue on appeal, and the correctness of the trial court's ruling will not be reviewed." *Id*. at 424, 513 N.W.2d at 515.

Likewise, when Fagan filed his amended complaint in October 2022, he did not include a claim for promissory estoppel; therefore, he failed to preserve appellate review of the viability of his promissory estoppel claim. See, e.g., *Hearon v. May*, 248 Neb. 887, 540 N.W.2d 124 (1995).

In *Hearon v. May, supra*, the plaintiff's first cause of action was dismissed by demurrer. The plaintiff included a similar cause of action in an amended complaint, and the court sustained a motion to strike that cause of action because the allegations were contrary to the previous order sustaining the demurrer. On appeal, the Supreme Court addressed the error assigned to the court's order on the motion to strike but refused to address the error assigned relating to the court's order on the demurrer because the plaintiff had filed an amended petition. The court explained that "[a] litigant must stand on a pleading against which a demurrer has been sustained in order to preserve the right to appeal the decision on the particular demurrer." *Id*. at 892, 540 N.W.2d at 129. Here, because Fagan filed an amended complaint, he has waived any error based on the granting of Dankert's first motion to dismiss.

## CONCLUSION

Fagan's claims for unjust enrichment and for an equitable lien on the farmland were not timely filed and he waived any error relating to the district court's order granting Dankert's first motion to dismiss related to Fagan's promissory estoppel claim. Therefore, we affirm the district court's order dismissing Fagan's amended complaint, although for reasons that differ from the district court.

AFFIRMED.